UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUNNEVE NUNEZ, )<br>                                 )<br>                Plaintiff, )<br>                                 )<br>vs. )<br>                                 )<br>TERRY CHARLES HARPER, et al., )<br>                                 )<br>              Defendants. ) | Case No. 2:13-cv-0392-GMN-NJK<br><br>ORDER DENYING DISCOVERY PLAN<br>(Docket No. 11) |

      Pending before the Court is the parties' proposed discovery plan (Docket No. 11), which is hereby DENIED.

      As a preliminary matter, the parties addressed the proposed discovery plan to the incorrect court. This Court is the United States District Court for the District of Nevada, not the District Court of Clark County, Nevada.

      Next, the parties state that they are requesting 270 days measured from Aril 23, 2013, which they assert is the date the Defendants answered. This is incorrect. The first Defendant answered on March 11, 2013. *See* Docket No. 7. Discovery is measured from the date the first defendant answers or other wise appears. LR 26-1(e)(1). Thus, March 11, 2013, is the date from which discovery should be measured and the parties are therefore actually requesting 309 days to conduct discovery. In compliance with LR 26-1(d), the parties have requested special scheduling review and stated why longer or different time periods should apply. LR 26-1(d). However, because that the parties have requested a significantly longer time period than the presumptively reasonable 180 days, the Court requires a more

detailed explanation than the two sentences provided. Further, should the Court ultimately grant 309 days for discovery, it will be less inclined to grant requested extensions in the future.[1]

As for the Rule 26(f) conference, it was required to be held within 30 days of March 11, 2013, when the first Defendant filed its Answer, and the stipulated discovery plan was due 14 days thereafter. *See* Local Rule 26-1(d). The Rule 26(f) conference held on April 23, 2013, was therefore late. However, the filing of the proposed discovery plan was not. The Court will excuse the delay of the Rule 26(f) conference, but instructs that moving forward the parties must comply with the deadlines set out in the Local Rules.

Finally, although the Court is inclined to approve the deadlines set out in the parties' proposed discovery plan, the parties must correct the errors discussed above and provide more adequate reasoning for why 309 days is necessary for discovery. The parties are to resubmit a proposed discovery plan and scheduling order no later than April 29, 2013.

IT IS SO ORDERED.

DATED: April 25, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] All requests to extend discovery must comply with LR 26-4 and be filed at least 21 days before the expiration of the subject deadline sought to be extended.

2