# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYNNEVE NUNEZ,<br><br>    Plaintiff(s),<br><br>vs.<br><br>TERRY CHARLES HARPER, et al.,<br><br>    Defendant(s). | 2:13-cv-00392-GMN-NJK<br><br>**ORDER**<br>Plaintiff's Motion to Strike Defendants' Rebuttal Expert, Derek Duke, M.D. (Docket No. 42) |

Before the Court is Plaintiff's Motion to Strike Defendants' Rebuttal Expert, Derek Duke, M.D. (Docket No. 42), which, for the reasons discussed below, is hereby DENIED. The Court has considered Plaintiff's Motion (Docket No. 20), Defendants' Response (Docket No. 48), and Plaintiff's Reply (Docket No. 49). The Court finds that this motion appropriately resolved without oral argument. Local Rule 78-2.

**I.      BACKGROUND**

This is a personal injury action arising out of a motor vehicle accident that occurred on November 15, 2012. Docket No. 1-1 (Complaint). According to Plaintiffs, Defendant Terry Charles Harper, a truck driver for Defendant Pahoa Express, Inc., struck Plaintiff Lynneve Nunez's vehicle while driving on Las Vegas Boulevard. *Id*. As a result of the accident, Plaintiff alleges that she sustained injuries to her right foot, right hip, right shoulder, back, abdomen, and nose. *Id*. Accordingly, on February 5, 2013, Plaintiff filed the instant action in the District Court for Clark County, Nevada. *Id*. Thereafter, on March 7, 2013, Defendants removed this case to this Court. Docket No. 1.

1    On April 30, 2013, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 1. The expert disclosure deadline was set for October 7, 2013, and the rebuttal expert disclosure deadline was set for December 6, 2013. *Id*. On October 10, 2013, Defendants filed a motion to extend discovery deadlines. Docket No. 22. The Court held a hearing on the matter and, on November 7, 2013, the Court extended the expert disclosure deadline to January 5, 2014, and the rebuttal expert deadline to February 4, 2014. Docket No. 30.

On February 4, 2014, Defendants disclosed Derek Duke, M.D., as their rebuttal expert. *See* Docket No. 42, at 2. Subsequently, on February 14, 2014, the parties filed a stipulation to extend discovery deadlines. Docket No. 40. That stipulation only requested an extension of the discovery deadline, the dispositive motion deadline, and the pre-trial order deadline. *Id*. The current close of discovery is May 5, 2014. *Id*.

The same date the parties filed their stipulation, February 14, 2014, Plaintiff filed the instant motion to strike Dr. Duke's report. Docket No. 42.

**II.    DISCUSSION**

    **A.    Whether Dr. Duke's Report Constitutes Rebuttal Testimony**

        1.    <u>Applicable Law</u>

Rebuttal expert testimony is restricted to subjects which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed.R.Civ.P. 26(a)(2)(c)(ii). In a case cited by both parties, *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, 2011 WL 2923703 (D. Nev. July 18, 2011), Magistrate Judge Lawrence R. Leavitt discussed the subject of what constitutes legitimate rebuttal expert testimony:

> Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports." *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.,* 2010 WL 389444 (N.D.Ill. Sep. 30, 2010) (*quoting ABB Air Preheater, Inc. v. Regenerative Environmental Equip., Inc.,* 167 F.R.D. 668, 669 (D.N.J.1996). Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. *Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D.Haw. 2008). They are not, however, the proper place for presenting new arguments. *1–800 Contacts, Inc. v. Lens. com, Inc.,* 755 F.Supp.2d 1151, 1167 (D.Utah 2010); *see LaFlamme v. Safeway, Inc.,* 2010 WL 3522378 (D.Nev. Sep. 2, 2010); *cf. Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 749, 759 (8th Cir.2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.") (citation omitted). "If the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness

or anything analogous to one' " *Amos v. Makita U.S.A.,* 2011 WL 43092 at *2 (D. Nev Jan. 6, 2011) (*quoting In re Apex Oil Co.,* 958 F.2d 243, 245 (8th Cir .1992)); *see also Morgan v. Commercial Union Assur. Cos.,* 606 F.2d 554, 556 (5th Cir.1979); *LaFlamme,* 2010 WL 3522378 at *3. Rather, rebuttal expert testimony "is limited to 'new unforeseen facts brought out in the other side's case.' " *In re President's Casinos, Inc.,* 2007 WL 7232932 at * 2 (E.D.Mo. May 16, 2007) (quoting *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 685 (5th Cir.1991)).

*Id*., *see also Downs v. River City Grp., LLC*, 2014 WL 814303 (D. Nev. Feb. 28, 2014).

"Expert testimony which is not truly rebuttal in nature shall not be allowed at trial, unless the failure to disclose information required by Rule 26(as) was 'harmless' or 'substantially justified.'" *Downs v. River City Grp., LLC*, 2014 WL 814303, at *3 (*citing* Fed. R. Civ, P. 37(c)(1)). "The sanction of preclusion is 'automatic and mandatory unless the sanctioned party can show its violation ... was either justified or harmless.' *Id*. (*quoting* R & O Const. Co., 2011 WL 2923703 at * 2, *citing Salgado v. General Motors Corp*., 150 F.2d 735, 742 (7th Cir.1998)).

          2.        <u>Parties' Arguments</u>

Plaintiff asserts that Dr. Duke's report is not a rebuttal report because he provides an alternative theory to causation. Docket No. 42, at 5. Specifically, Dr. Duke reviewed Plaintiff Lynneve Nunez's medical records and concluded that psychological factors were the primary factors causing her pain complaints. *Id.* Additionally, Dr. Duke states that Lynneve Nunez "had significant psychological factors predating the subject incident." *Id*. (*quoting* Dr. Duke's rebuttal report, attached as Exhibit 3 to Plaintiffs' Motion). Therefore, Plaintiff argues, Dr. Duke's opinions are initial expert opinions that were untimely disclosed as rebuttal expert testimony. *Id*., at 3. Finally, Plaintiff represents that, as a result of the late disclosure, she is unable to rebut Dr. Duke's opinions and the Court should strike his report. *Id*.

In response, Defendants represent that Dr. Duke's report covers the same subject matter as Plaintiff's expert's report (i.e. Plaintiff's medical condition) and the same issues as Plaintiff's expert's report (i.e. whether Plaintiff's alleged medical conditions are related to the subject accident and whether she needs future medical treatment). Docket No. 48, at 8. Therefore, relying on relying on *Laflamme v. Safeway, Inc.*, 2010 WL 3522378, Defendants assert that Dr. Duke's report was a proper rebuttal. Docket No. 48, at 9. Moreover, Defendants concede that "Dr. Duke produced his own list of diagnoses he concluded were related to the subject incident, and a separate list of

1   diagnoses he determined were unrelated;" but, according to Defendants, these findings by Dr. Duke
2   were proper because he was merely rebutting Plaintiff's expert's conclusions by incorporating
3   information Plaintiff's expert did not address. *Id.*, at 9. Defendants also point to a portion of Dr.
4   Duke's report in which Dr. Duke directly rebuts Plaintiff's expert's findings, noting that there is no
5   evidence to support Plaintiff's expert's conclusion and that the expert's conclusion is incorrect
6   because the expert was not provided Plaintiff's complete medical history. *Id.*, at 10.

7   In reply, Plaintiff relies on Magistrate Judge William Cobb's recent order in *Downs*, which
8   addresses the same question of whether a rebuttal expert report constituted legitimate rebuttal
9   testimony. *Downs,* 2014 WL 814303. In that case, the Court found that the rebuttal expert report was
10  not a true rebuttal because it did not "explain, repel, counteract or disprove evidence of the adverse
11  party" nor was it "limited to 'new, unforeseen facts brought out in the other side's case." *Id.*, at 5.
12  Relying on *R & O Const.*, the Court held that rebuttal experts are not allowed to put forth their own
13  theories; instead, "they must restrict their testimony to attacking the theories offered by the
14  adversary's experts." *Id.*, at 5 (*citing R & O Const. Co.*, 2011 WL 2923703 at *2). To support its
15  conclusion, the Court noted that the rebuttal expert only addressed the initial expert's report in
16  passing. *Id.*, at *16.

17          3.      <u>Analysis</u>

18  Here, the Court finds that *Downs* is instructive. *See Downs,* 2014 WL 814303. As discussed
19  above, Defendants concede that "Dr. Duke produced his own list of diagnoses he concluded were
20  related to the subject incident, and a separate list of diagnoses he determined were unrelated."
21  Docket No. 48, at 9. Thus, as was the case in *Downs,* "[u]nder the standard that the 'function of
22  rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party' (*Marmo*,
23  457 F.3d at 759) and is 'limited to 'new, unforeseen facts brought out in the other side's case''
24  (*Cates*, 928 F.2d at 685)," it is difficult for the court to view Dr. Duke as a legitimate rebuttal expert.
25  *See Downs,* 2014 WL 814303, at *5.

26  Dr. Duke sets forth a number of his own theories, including what he believes to be the
27  primary source of Plaintiff's pain. Although some minor portions of his report do directly contradict
28  Plaintiff's expert, he goes beyond mere rebuttal and he diagnoses Plaintiff with: "(1) severe anxiety;

- 4 -

1  (2) severe depression; (3) psychological factors affecting her medical condition; (4) pain complaints
2  out of proportion to objective findings; (5) inconsistent historian; (6) history of low back pain in
3  2010; (7) cervical spondylosis; and (8) lumbar spondyosis." *See* Docket No. 48, at 5. Rebuttal
4  experts are not allowed to put forth their own theories; instead, "they must restrict their testimony
5  to attacking the theories offered by the adversary's experts." *Downs,* 2014 WL 814303, at *5, (*citing*
6  *R & O Const. Co.*, 2011 WL 2923703 at *2). Thus, it is clear from Dr. Duke's report that he has
7  failed to appropriately limit his report.

8  Additionally, whether Plaintiff's alleged medical conditions are related to the subject accident
9  and whether she needs future medical treatment are the central issues of this entire litigation.
10  Therefore, Dr. Duke's opinions on these issues are not opinions on "new, unforeseen facts brought
11  out in the other side's case," rather, they set forth the alternate theory that the motor vehicle accident
12  is not the sole or main cause of Plaintiff's pain. *See id*, at 5. Although causation may be
13  demonstrated in various ways, "simply because one method fails, the other does not become
14  "rebuttal.'" *R & O Const. Co.*, 2011 WL 2923703 *(citing Morgan v. Commercial Union Assur. Cos.,*
15  606 F.2d at 555). "Nor is a rebuttal expert report the proper place for presenting new arguments."
16  *Id*. (*citing 1–800 Contacts, Inc. v. Lens.com, Inc.,* 755 F.Supp.2d at 1167). Here, therefore, although
17  Dr. Duke and Plaintiff's experts' reports address the same general subject matter of the case, Dr.
18  Duke's report does not directly address the findings, *i.e.* "the same subject matter," of Plaintiffs'
19  experts' reports. Therefore it is not a rebuttal expert report within the meaning of Rule
20  26(a)(2)(C)(ii). *R & O Const. Co.*, 2011 WL 2923703 (*citing Vu v. McNeil–PPC, Inc.,* 2010 WL
21  2179882 at *3 (C.D.Cal. May 7, 2010) (finding that such a broad meaning would all but nullify the
22  distinction between an initial "affirmative expert" and a "rebuttal expert."); *see International*
23  *Business Machines Corp. v. Fasco Indus., Inc.,* 1995 WL 115421 (N.D.Cal.Mar.15, 1995) ("rebuttal
24  experts cannot put forth their own theories; they must restrict their testimony to attacking the theories
25  offered by the adversary's experts.")).

26  Finally, Defendants' reliance on *Laflamme,* is misplaced. *Laflamme v. Safeway, Inc.*, 2010
27  WL 3522378. In that case, the rebuttal experts' reports contradicted the initial expert opinions,
28  questioned their opinions, and opined on methods and facts not considered by the plaintiffs' experts.

*Id*., at *9-10. Indeed, as Defendants pointed out, the rebuttal report "included an opinion by an economist criticizing wage growth and discount rates used in the plaintiffs' expert's reports, and an opinion by a vocational rehabilitation expert criticizing assumptions made regarding Mrs. Laflamme's pre-injury employment." Docket No. 48, at 7 (*citing Laflamme,* 2010 WL 3522378, at *9 ). Thus, the rebuttal reports criticized the initial experts' reports, which is precisely what they are supposed to do. Further, the court in *Laflamme* specifically stated that "[a]s long as defendant's rebuttal expert witnesses speak to the same subject matter the initial experts addressed and do not introduce novel arguments, their testimony is proper under Federal Rule of Civil Procedure 26(a)(2)(C) and related case law from District Courts in this circuit." *Laflamme*, 2010 WL 3522378, at *9. Here, as discussed above, Dr. Duke does not directly address Plaintiff's experts' findings, set forth alternative theories and, thus, was not a proper rebuttal. Therefore, even under *Laflamme*, Dr. Duke's report does not constitute rebuttal testimony.

### B. Whether Dr. Duke's Untimely Report was Justified or Harmless

Next, although the Court has determined that Dr. Duke's report does not qualify as a rebuttal expert report, the Court must still determine whether his report might be admissible as that of an initial expert. *Downs,* 2014 WL 814303, at *5 (*citing Makita*, 2011 WL 43092 at * 2). Specifically, the Court must determine whether Defendants' violation of a discovery deadline was either substantially justified or harmless. Fed. R. Civ. P 37(c)(1).

The Ninth Circuit has articulated several factors for the Court to consider when determining whether a violation of the expert discovery rules was harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010), *citing David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir.2003).

Further, the district court has wide latitude in resolving discovery disputes involving experts under Rule 37(c)(1). "Excluding expert testimony is not proper when there are other, less severe sanctions available." *Makita*, 2011 WL 43092 (*citing Galantine v. Holland America LineWestours, Inc*., 333 F.Supp.2d 991, 993–994 (W.D.Wash.2004). Thus, "where the harm can be easily remedied,

- 6 -

1 exclusion is not the proper sanction." *Makita*, 2011 WL 43092 at * 4, (*citing Frontline Med. Assocs.
2 v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D.Cal.2009)).

3   Here, in Plaintiff's original motion, she asserted that she would be prejudiced because she
4 would not be able to rebut Dr. Duke's report. Docket No. 42, at 3. In her reply, however, Plaintiff
5 contend that although the discovery deadline has been continued to May 5, 2014, she only agreed
6 to that extension "in the off chance [she] would need to depose Dr. Duke in the event this Court
7 decides to allow Dr. Duke's testimony and report at trial." Docket No. 49, at 7. The reason behind
8 why Plaintiff stipulated to the discovery extension, however, does not change the fact that discovery
9 is not currently set to close for approximately two months. Thus, there is plenty of time for Plaintiff
10 to depose and rebut Dr. Duke, and any surprise or prejudice suffered by Plaintiff is minimal. In
11 addition, Plaintiff can still supplement her experts' reports up until 30 days before trial pursuant to
12 Fed.R.Civ.P. 26(e)(2). Next, because Plaintiff has suffered minimal prejudice and surprise, and
13 discovery remains open for two months, there is ample opportunity to cure the prejudice. In regard
14 to any disruption of the trial, the trial has not been set, discovery does not have to be reopened, and,
15 other than the untimeliness of Dr. Duke's report, Dr. Duke's report has not caused any disruption
16 in this case. *See Downs,* 2014 WL 814303, at *7. Further, there is no evidence of bad faith or
17 wilfulness on behalf of Defendants and, additionally, other sanctions are available to ameliorate any
18 prejudice to Plaintiff.

19   Therefore, although the Court does not approve of Defendants' failure to comply with the
20 Rules, it does not appear that exclusion of Dr. Duke's report is the appropriate remedy. *See id.,* at
21 *8. However, while the Court declines to impose the harsh sanction of exclusion, in the exercise of
22 the Court's broad discretionary powers, the Court nevertheless will condition Defendants' ability to
23 call Dr. Duke as a witness subject to the following restrictions:

24   1) Dr. Duke may not be used to rebut any opinions or methodology of Plaintiff's experts; he
25   may be used solely as an initial expert.
26   2) Dr. Duke conceivably gained a tactical advantage by having access to Plaintiff's experts'
27   reports before he prepared his opinions, the jury shall be informed that Dr. Duke's report was
28   prepared after and with the benefit of first having reviewed Plaintiff's experts' reports.

- 7 -

3) Plaintiff, if she chooses to do so, may depose Dr. Duke;

4) Plaintiff's experts may prepare an amended or supplemental report taking Dr. Duke's report into consideration.

5) If Defendants have not yet noticed the depositions of Plaintiff's experts, they may not now depose them.

### III.    CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Rebuttal Expert, Derek Duke, M.D. (Docket No. 42) is **DENIED.**

DATED: March 11, 2014.

NANCY J. KOPPE
United States Magistrate Judge