UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYNNEVE NUNEZ,<br><br>                Plaintiff,<br><br>vs.<br><br>TERRY CHARLES HARPER, et al.,<br><br>                Defendants. | Case No. 2:13-cv-0392-GMN-NJK<br><br>ORDER<br><br>(Docket No. 63) |

Pending before the Court is Defendants' Motion for Clarification Regarding this Court's Order (Docket No. 50) of March 11, 2014. The Court has considered the motion, response, and reply. Docket Nos. 63, 66, 67. The Court finds that this motion is appropriately resolved without oral argument. *See* Local Rule 78-2.

I. **BACKGROUND**

This is a personal injury action arising out of a motor vehicle accident that occurred on November 15, 2012. Docket No. 1-1 (Complaint). According to Plaintiff, Defendant Terry Charles Harper, a truck driver for Defendant Pahoa Express, Inc., struck Plaintiff Lynneve Nunez's vehicle while driving on Las Vegas Boulevard. *Id*. As a result of the accident, Plaintiff alleges that she sustained injuries to her right foot, right hip, right shoulder, back, abdomen, and nose. *Id*. Plaintiff filed the instant action in the District Court for Clark County, Nevada, on February 5, 2013. *Id*. Thereafter, on March 7, 2013, Defendants removed the case to this Court. Docket No. 1.

On April 30, 2013, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 15. The expert disclosure deadline was set for October 7, 2013, and the rebuttal expert disclosure deadline was set for December 6, 2013. *Id*. On October 24, 2013, Defendants filed a motion to extend discovery deadlines. Docket No. 22. The Court held a hearing on the matter and, on November 7, 2013, the Court extended the expert disclosure deadline to January 5, 2014, and the rebuttal expert deadline to February 4, 2014. Docket No. 30. On February 14, 2014, the parties filed a stipulation to extend discovery deadlines, which was granted by the Court. Docket No. 41. That stipulation provided for an extension of the discovery deadline, the dispositive motion deadline, and the pre-trial order deadline. *Id*. On April 14, 2014, Defendants filed a motion to extend discovery, docket No. 54, which the Court grants today by separate order.

On February 4, 2014, Defendants disclosed Derek Duke, M.D., as their rebuttal expert. *See* Docket No. 42, at 2. On February 14, 2014, Plaintiff filed a motion to strike Dr. Duke's report, Docket No. 42,[1] which the Court denied in its Order of March 11, 2014. Docket No. 50. In that Order, the Court found that because Dr. Duke did not directly address Plaintiff's medical experts' findings, and because Dr. Duke set forth alternative theories of causation, that Dr. Duke's report was "not a proper rebuttal." *Id.*, at 6. Although the Court did not approve of Defendants' failure to comply with the rules regarding rebuttal reports, the Court declined to exclude Dr. Duke's report. *Id.*, at 6. Instead, the Court conditioned Defendants' ability call Dr. Duke as a witness subject to the following restrictions:

1) Dr. Duke may not be used to rebut any opinions or methodology of Plaintiff's experts; he may be used solely as an initial expert.

2) Dr. Duke conceivably gained a tactical advantage by having access to Plaintiff's experts' reports before he prepared his opinions, the jury shall be informed that Dr. Duke's report was prepared after and with the benefit of first having reviewed Plaintiff's experts' reports.

3) Plaintiff, if she chooses to do so, may depose Dr. Duke;

//

---

[1] Dr. Duke's rebuttal report of February 4, 2014, is attached as an exhibit to Plaintiff's motion to strike. *See* Docket No. 42-3, at 2-11.

2

    4)      Plaintiff's experts may prepare an amended or supplemental report taking Dr. Duke's report into consideration.

    5)      If Defendants have not yet noticed <u>the depositions of Plaintiff's experts</u>, they may not now depose them.

*Id.*, at 6-7 (emphasis added).

## II.    DISCUSSION

In the instant motion, Defendants seek guidance as to the type of experts Defendants are precluded from deposing pursuant to the Court's Order of March 11, 2014. Docket No. 63, at 1. Defendants interpret the Order to "prevent them from noticing the depositions of Plaintiff's medical experts, as these experts would be relevant to Dr. Duke's report." *Id.*, at 3-4. Defendants thus request "clarification as to whether Defendants are prohibited from deposing Plaintiff's liability experts." *Id.*, at 4. Defendants specifically seek to depose Plaintiff's accident reconstructionist expert, Ronald Probert. *Id.*, at 4.

Plaintiff has refused to produce Mr. Probert for deposition, docket No. 63, at 4, on the ground that the meaning of the phrase "Plaintiff's experts" (Docket No. 50, at 8, line 4), is "unambiguous." Docket No. 66, at 3. Specifically, Plaintiff argues that the phrase "unequivocally" demonstrates that the Court intended to ban Defendants from deposing each and every one of Plaintiff's experts going forward, including liability experts. *Id.*, at 2-3.

In reply, Defendants point out that the pleadings leading up to the Court's Order did not address liability experts, and that "Dr. Duke's report did not relate to or affect Mr. Probert's opinions." Docket No. 67, at 2. Defendants therefore contend that their interpretation that the Court intended to prohibit only the depositions of Plaintiff's medical experts is "reasonable." *Id*.

Defendants are correct that the Court did not intend to preclude the depositions of Plaintiff's non-medical experts. In its Order of March 11, 2014, the Court had before it a proffered rebuttal report by a medical doctor reporting on his medical conclusions following his review of Plaintiff's medical records. Docket No. 50, at 3-5. Put simply, the subject matter of the report was Plaintiff's medical condition. *Id*. While it is true that Dr. Duke advanced alternative theories of medical causation in his report, he did not discuss or examine causation issues with respect to how and why the accident occurred in the first place, which are properly the realm of an expert in the field of accident reconstruction. It is clear that Dr. Duke's

3

report does not address issues within the province of Plaintiff's liability expert, Ronald Probert. Accordingly, it is clear from the pleadings, the arguments advanced by the parties, and the overall context of the Court's Order of March 11, 2014, that the Court intended that the phrase "Plaintiff's experts" to apply solely to Plaintiff's medical experts.

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Clarification Regarding this Court's Order of March 11, 2014 (Docket No. 50), is **GRANTED**. Defendants may notice the deposition of Plaintiff's non-medical experts, and specifically may notice the deposition of Plaintiff's accident reconstructionist, Ronald Probert.

IT IS SO ORDERED.

DATED: June 20, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

4