1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LYNNEVE NUNEZ,                                    )
                                                  )
                              Plaintiff,          )        Case No. 2:13-cv-0392-GMN-NJK
                                                  )
vs.                                               )        ORDER
                                                  )
TERRY CHARLES HARPER, et al.,                     )        (Docket No. 59)
                                                  )
                                                  )
                              Defendants.         )
_____  )

17        Pending before the Court is Defendants' Emergency Motion to Name an Additional Expert Witness.

18   Docket No. 59.[1]  The Court has considered the motion, response, and reply.  Docket Nos. 59, 70, 71.  The

19   Court finds that this motion is appropriately resolved without oral argument.  *See* Local Rule 78-2.

20   **I.      BACKGROUND**

21        This is a personal injury action arising out of a motor vehicle accident that occurred on November

22   15, 2012.  Docket No. 1-1 (Complaint).  According to Plaintiff, Defendant Terry Charles Harper, a truck

23   driver for Defendant Pahoa Express, Inc., struck Plaintiff Lynneve Nunez's vehicle while driving on Las

24   Vegas Boulevard.  *Id.*  As a result of the accident, Plaintiff alleges that she sustained injuries to her right

25   foot, right hip, right shoulder, back, abdomen, and nose.  *Id.*  Plaintiff filed the instant action in the District

26

27        [1]

28        By Minute Order of April 30, 2014, the Court determined that the instant motion did "not qualify
     as an Emergency Motion[.]"  Docket No. 61.

Court for Clark County, Nevada, on February 5, 2013. *Id*. Thereafter, on March 7, 2013, Defendants removed the case to this Court. Docket No. 1.

On April 30, 2013, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 15. The expert disclosure deadline was set for October 7, 2013, and the rebuttal expert disclosure deadline was set for December 6, 2013. *Id*. On October 24, 2013, Defendants filed a motion to extend discovery deadlines. Docket No. 22. The Court held a hearing on the matter and, on November 7, 2013, the Court extended the expert disclosure deadline to January 5, 2014, and the rebuttal expert deadline to February 4, 2014. Docket No. 30. On February 14, 2014, the parties filed a stipulation to extend discovery deadlines, which was granted by the Court. Docket No. 41. That stipulation provided for an extension of the discovery deadline, the dispositive motion deadline, and the pretrial order deadline, but did not extend the deadline to disclose experts. *See id*., at 6 ("[t]his stipulation does not extend any expert deadlines that have already expired").

In the instant motion, while acknowledging that the deadline for disclosing experts has long since expired, Defendants "request leave to name an additional expert witness to address the reasonableness and necessity of Plaintiff's alleged medical expenses." Docket No. 59, at 4. Defendants admit that, prior to the expiration of the deadline for disclosing experts, they "chose not to retain an expert to evaluate Plaintiff's medical billing[.]" *Id.*, at 5. Defendants state that this decision was made at a time when Plaintiff's medical expenses were estimated at "approximately $150,000.00." *Id*. Now that Plaintiff's alleged medical expenses have "significantly increased[,]" Defendants contend that the Court should extend the deadline for expert disclosures, and provide Defendants "the opportunity" to retain a "medical billing expert to review Plaintiff's alleged expenses." *Id*. Defendants further argue that they "should not be prevented from fully assessing Plaintiff's allegations merely because she incurred extensive medical expenses after the expert disclosure deadlines." *Id*.

Plaintiff counters that "[s]ince Defendants disputed Plaintiff's medical expenses from the outset of this litigation," Defendants could have easily designated a medical billing expert "regardless of when Plaintiff disclosed additional (and ongoing) medical treatment." Docket No. 70, at 7. Plaintiff further

states that "Defendants stated as an affirmative defense that '[t]his answering defendant alleges that the plaintiff failed to mitigate her damages.'" *Id.*, (*quoting* Docket No. 7., at 5).  Finally, Plaintiff points out that Defendants "lacked diligence because they waited a year and had multiple opportunities to designate an appropriate expert" as to the "reasonableness and necessity of Plaintiff's medical expenses, an issue in nearly every motor vehicle accident case."  Docket No. 70, at 6-7.

**II.    DISCUSSION**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted).

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension.  Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09.[2]  The good cause inquiry focuses primarily on the movant's diligence.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (*quoting Johnson*, 975 F.2d at 609).  The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

In addition, requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect.  *See* Local Rule 26-4.  Excusable neglect encompasses situations in which the failure to comply with a filing deadline is

---

[2]

The "good cause" standard outlined in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

attributable to negligence. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir. 2004).

Defendants insist that they "should not be prevented from fully assessing Plaintiff's allegations merely because she incurred extensive medical expenses after the expert disclosure deadlines." Docket 59, at 5. This misstates the factual record. At no time prior to the expiration of the expert disclosure deadline were Defendants "prevented" from hiring an expert to evaluate Plaintiff's medical expenses. Docket No. 70, at 7. Rather, and by their own admission, Defendants "chose not to retain an expert to evaluate Plaintiff's medical billing[.]" Docket No. 59, at 5. The fact that Defendants are now aware that Plaintiff's alleged medical expenses have significantly increased, the reasonableness and necessity for which is "an issue in nearly every motor vehicle accident case[,]" Docket No. 70, at 6-7, does not demonstrate that Defendants acted diligently.

The Court therefore finds that Defendants have not shown the diligence required for a finding of "good cause." This ends the Court's inquiry into whether an extension should be granted. *See Coleman*, 232 F.3d at 1295.[3]

//

//

//

---

[3]

Because Defendants have failed to demonstrate good cause for the extension, the Court need not reach the issue of excusable neglect. In looking to the relevant factors, however, the Court also notes that excusable neglect does not exist here.

**III.     CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Name an Additional Expert Witness (Docket No. 59) is **DENIED**.

IT IS SO ORDERED.

DATED: June 20, 2014.


_____
NANCY J. KOPPE
United States Magistrate Judge

5