# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LYNNEVE NUNEZ, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TERRY CHARLES HARPER, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00392-GMN-NJK <br><br> **ORDER** |

Pending before the Court is a Motion for Partial Summary Judgment (ECF No. 46) filed by Plaintiff Lynneve Nunez ("Plaintiff"), and a Motion for Leave to File Supplemental Brief (ECF No. 53) filed by Defendant Pahoa Express, Inc. ("Pahoa"). Both motions have been fully briefed. (ECF Nos. 51–52, 58, 62). For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment is **DENIED**, and Pahoa's Motion for Leave to File Supplemental Brief is **DENIED** as **MOOT**.

## I. BACKGROUND

This case stems from a motor vehicle accident that occurred on November 15, 2012. (Compl. ¶¶ 6–8, ECF No. 1-1). According to Plaintiff, Defendant Terry Charles Harper ("Harper"), a truck driver for Pahoa, struck Plaintiff's vehicle while driving on Las Vegas Boulevard. (*Id.* ¶ 8). As a result of the accident, Plaintiff alleges that she sustained physical injuries. (*Id.* ¶ 12). Accordingly, on February 5, 2013, Plaintiff filed the instant action in the District Court for Clark County, Nevada, asserting claims of negligence, vicarious liability, negligent hiring, supervision, retention, and/or training, and punitive damages. (*Id.* ¶¶ 10–31). Thereafter, on March 7, 2013, Pahoa and Harper (collectively "Defendants") properly removed this case to this Court. (*See* Petition for Removal, ECF No. 1). In their Answer, Defendants asserted the affirmative defense of comparative negligence. (Answer ¶ 5, ECF No. 7).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Plaintiff argues in her Motion for Partial Summary Judgment that "given that there is no factual dispute as to Defendant Harper's duty and breach of that duty, Plaintiff is entitled to summary judgment with respect to duty and breach, thereby establishing liability." (Pl.'s Mot. for Partial Summ. J. 6:18–20, ECF No. 46). Furthermore, Plaintiff argues that there is no factual dispute that Pahoa sent Harper to Las Vegas to pick up a load, and Harper remained under the control of Pahoa. (*Id.* 6:20–24). Additionally, Plaintiff argues that "there is simply no

evidence that [Plaintiff] was in any way responsible for Defendant Harper's trailer hitting her vehicle," and "this Court should also find that [Plaintiff] has no comparative liability as a matter of law." (*Id.* 7:2–5).  Therefore, Plaintiff argues that she is entitled to summary judgment as to duty and breach on behalf of Harper and Pahoa, and an absence of comparative negligence as to Plaintiff. (*Id.*).

Defendants contend that Plaintiff's motion should be denied based on the parties' depositions and the affidavit of Defendants' accident reconstructionist expert. (Response 3:9–11, ECF No. 51).  Moreover, Defendants assert that "[a]fter considering this evidence, reasonable jurors could conclude that (1) Plaintiff was negligent in failing to be reasonably attentive while she drove her vehicle and also in failing to slow or stop her vehicle to avoid the accident, (2) Plaintiff's negligence was the sole cause of the accident, (3) Mr. Harper wasn't negligent, or (4) even if Harper was negligent, Plaintiff was also negligent, and their negligence must be weighed and compared in determining causation and damages." (*Id.* 11–16).

Under Nevada law, "[t]o prevail on a traditional negligence theory, a plaintiff must demonstrate that '(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages.'" *Foster v. Costco Wholesale Corp.*, 219 P.3d 150, 153 (Nev. 2012) (quoting *DeBoer v. Senior Bridges of Sparks Family Hosp.*, 282 P.3d 727, 732 (Nev. 2012)).  Moreover, "[c]ourts often are reluctant to grant summary judgment in negligence actions because whether a defendant was negligent is generally a question of fact for the jury to resolve." *Id.* (citing *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997)).  Furthermore, comparative negligence is also a question of fact for the jury. *See* Nevada Revised Statute § 41.141.

In this case, a genuine issue of material fact exists as to Defendants' negligence liability and Plaintiff's comparative negligence.  For example, although Plaintiff asserts that she was not comparatively negligent as a matter of law, Harper contends that "he believes Plaintiff could

have done more to avoid the accident" and he "heard no horn or screeching brakes before being hit." (Response 4:18–20).  Additionally, Defendants' expert witness, an accident reconstructionist, testified that Plaintiff "had more than sufficient time/distance to react to the clearly discernible truck entering the roadway and avoid the collision." (*Id.* 6:14–23).   From this evidence, the Court finds that a reasonable jury, drawing all inferences in favor of the Defendants, could return a verdict in favor of the Defendants as to the issues of Defendants' negligence liability and Plaintiff's comparative negligence.  Therefore, Plaintiff is not entitled to judgment as a matter of law as to the issues of Defendants' negligence liability and Plaintiff's comparative negligence.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Pahoa's Motion for Leave to File Supplemental Brief is **DENIED** as **MOOT**.

**DATED** this __30__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Because the Court denies Plaintiff's Motion for Partial Summary Judgment, Pahoa's Motion for Leave to File Supplemental Brief on this motion is denied as moot.